ORTHO-NEURO MEDICAL ASSOCIATES v. Tonya M. JEFFREY v. Paula L. Rauch

00-1480                                    37 S.W.3d 577

Supreme Court of Arkansas
Opinion denying rehearing delivered March 1, 2001*

---

* See 343 Ark. 466, 37 S.W.3d 577 (2001).

*Oscar Stilley*, for appellant.

No response.

PER CURIAM. Mr. Oscar Stilley, appellant's counsel, seeks rehearing of this court's denial on January 25, 2001, of his motion for rule on clerk. Appellant's record was due to be filed on December 19, 2000, but was not delivered and filed in the clerk's office until December 20, 2000. Mr. Stilley asserts he gave the appellant's record to Airborne Express for delivery on December 19, 2000, but, as noted, Airborne Express did not deliver the record until December 20, 2000. In an attempt to explain missing the December 19 deadline, Mr. Stilley attached to his motion for rule on the clerk an Airborne Express "shipment tracking report" which reflects "delivery was attempted on December 19, 2000, at 9:42 a.m." Mr. Stilley included in his motion the assertion that the failure of Airborne Express to deliver the record was because he was told the clerk's office was moving its office to another location on the morning of December 19, 2000. He never identified the person who may have suggested the record was not filed because the office was moving. The clerk's office was open for business and received filings on December 19, 2000.

In his petition for rehearing, Mr. Stilley states that this court's January 25, 2001 *per curiam* suggested his motion for rule on clerk was not appropriate because there was no affidavit showing the

clerk's office was closed on December 19, 2000. Mr. Stilley then says, "I don't know why the package was not delivered that day. It really does not matter." In his petition, he continues:

> If I could prove that the Clerk's personnel were not available when the Airborne Express delivery man entered, would that change the equation? How could that be done and why would it matter anyway? Should a citizen's appeal rights turn on the circumstances of a delivery attempt that the litigant knew nothing about and over which the litigant had no control? Would an affidavit from the deliveryman help? It is almost uncontrovertible that the deliveryman walked in, found no one to sign for the package, and left.

> ....

> Is it too much to ask the Court to consider this question, despite the fact that a deliveryman found no one to sign for the package? Surely justice is not so scarce and dear that Appellant cannot have a small amount of the Court's time to decide this question.

> Is it too much to expect that the Court will not punish a litigant for something that is totally out of his control? This Court cannot reasonably expect counsel to accompany their packages to ensure safe delivery, or to hand deliver every package, or to just generally doubt that an overnight carrier with a success rate of 99% plus is going to fail, for whatever reason, on a specific occasion.

> ....

> Each time that the Court acts in a way that is not rational, predictable, or reasonable, the Court loses part of its referent power. When a court deprives a citizen of rights that would otherwise accrue, based upon events which are not reasonably or logically within the control of that citizen, the court loses part of its referent power.

> ....

> Therefore, the Court's published opinion stating that the record was not delivered to the Clerk's office on the 19th of January is inaccurate. The record was delivered then, but it was not left. A perfect tender was made, but it was not accepted for the apparent reason that no one could be found.

■ Arkansas Rule of Appellate Procedure—Civil 5 clearly provides when an appellate record is due and how an attorney can obtain an extension to file a record. It is also clear that an appellant is procedurally barred from pursuing an appeal when there is failure to comply with Rule 5. *Mitchell v. City of Mountain View*, 304 Ark. 585, 803 S.W.2d 556 (1991). We view Mr. Stilley's petition for rehearing to be argumentative and devoid of any legal or factual basis for reversing our decision. *See* Ark. Sup. Ct. R. 2-3(g).

■ ■ For the reasons stated above, we deny Mr. Stilley's request for a rehearing of our decision of his motion for rule on clerk. Mr. Stilley's petition borders on recklessness and borders on being disrespectful to this court. We refer the matter to the Professional Conduct Committee for whatever action it determines is appropriate. *See* Model Rules of Professional Conduct Preamble, Rule 3.5(c); *Skokos v. Gray*, 318 Ark. 571, 886 S.W.2d 618 (1994).